# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SAMUEL L. YOUMANS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV412-002 ) |
| DISTRICT ATTORNEY LARRY CHISOLM; ASSISTANT DISTRICT ATTORNEY ELIZABETH FERNANDEZ; JUDGE TAMMY STOKES; DETECTIVE MICHAEL GALLAGER; all individually and in their official capacities, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Samuel L. Youmans' 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject

to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Youmans, like many recent detainees at the Chatham County Detention Center, seeks to enjoin what he characterizes as a bad faith criminal prosecution against him.[1] (Doc. 1 at 1.) He cites every statute he can conceive of in support of his claim, including criminal statutes that he has no power to invoke. (Doc. 1 at 8 (invoking 18 U.S.C. § 241 & 242, which are criminal statutes that do not give rise to a private right of

---

[1] Based on the uniform handwriting, the Court suspects that a single individual in the jail is preparing these complaints. He is doing the plaintiffs a great disservice by encouraging them to file these utterly frivolous complaints. Each failed complaint counts as a 28 U.S.C. § 1915(g) strike against them (after three strikes, they are barred from proceeding in forma pauperis in federal civil cases while detained), and they are still required to pay the Court's entire $350 filing fee as funds become available in their jail accounts. 28 U.S.C. § 1915(b)(1).

action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action).) Regardless of the statutory basis for the injunction, the claim fails. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Here, Youmans, who is charged with theft by deception, forgery, and having a false identification, claims that the prosecution is in bad faith since a key detective lied. (Doc. 1 at 3-8.) The detective at one point denied knowing another party to the crime (a "Mr. Whipple," who Youmans insists actually committed the crime), but the detective's later testimony seemed to suggest that he actually was familiar with Whipple. (*Id.*) In addition, the detective, prosecutor, and judge allegedly "conspired" against Youmans to deny him bond by accusing him of being a prior member of one of Savannah's most notorious criminal enterprises, the Ricky Jivens gang (which he does not deny). (*Id.* at 5-6.)

"Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Youmans' showing is utterly deficient. He has not come close to offering any proof of bad faith or harassment. Even

assuming that the detective lied about his knowledge of Whipple, such a lie is a far cry from actual evidence supporting a finding that the detective has targeted him for no reason other than harassment. As for his factual innocence, he can has that out in the state court. Finally, his allegation of conspiracy is utterly unsupported and thus fails to save his case. He has not offered *any* facts showing any sort of agreement between the detective, judge, or district attorney to deny him his civil rights. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient.").

Instead of running to federal court, Youmans should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.") Consequently, none of the exceptions to the *Younger* doctrine apply in this case.

For that matter, to the extent Youmans seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas

action, not a § 1983 claim. *See Hudson* 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

---

[2] Youmans cannot credibly claim that meaningful judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Frazier's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

Accordingly, plaintiff Samuel Youmans' complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). His motion to appoint counsel (doc. 7) is also **DENIED** as this case is utterly frivolous.

Meanwhile, Youmans must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $55.76. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $55.76 from Youman's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to

the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this  5th  day of March, 2012.

                                                          UNITED STATES MAGISTRATE JUDGE
                                                          SOUTHERN DISTRICT OF GEORGIA